J-A12020-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| ZOKAITES CONTRACTING, INC., GENERAL PARTNER AND TRADING AS ZOKAITES PROPERTIES, LP AND WYNCREST DEVELOPMENT, INC. | : : : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellants | : : | |
| v. | : : : | |
| JEFFREY A. HULTON | : : | |
| Appellee | : | No. 1471 WDA 2019 |

Appeal from the Order Entered September 16, 2019
In the Court of Common Pleas of Allegheny County
Civil Division at No(s): GD 17-011433

BEFORE: KUNSELMAN, J., KING, J., and COLINS, J.[*]

MEMORANDUM BY KING, J.:                    **FILED MAY 29, 2020**

Appellants, Zokaites Contracting, Inc., General Partner and Trading as Zokaites Properties, LP and Wyncrest Development, Inc., appeal from the order entered in the Allegheny County Court of Common Pleas, which granted summary judgment in favor of Appellee, Jeffrey A. Hulton, in this legal malpractice action. We affirm.

The relevant facts and procedural history of this case are as follows. Appellants are residential real estate developers who own a tract in Butler Township, Butler County ("Development") with plans to build there and sell 47 homes. Before the end of 2009, Appellants completed 14 of the homes in

_____

[*] Retired Senior Judge assigned to the Superior Court.

compliance with the then-effective 2006 version of the Pennsylvania Uniform Commercial Code ("PUCC"). The Pennsylvania legislature, however, amended the PUCC, effective December 31, 2009. Appellants' president Frank R. Zokaites executed a letter dated December 15, 2009 ("December 15th Letter") to architecture firm, Sweeny Shank, LLC ("Sweeny Shank"). The December 15th Letter purported to set forth between Appellants and Sweeny Shank an agreement, under which Sweeny Shank would design the remaining 33 homes in the Development.

In 2010, Appellants applied for a permit to build homes under the 2006 PUCC, arguing the December 15th Letter constituted a "design contract" to which the PUCC "grandfather provision" applied to allow construction of the new homes under the 2006 PUCC. The Butler Township Code Enforcement Officer denied Appellants' application. Appellants retained the legal services of Appellee and appealed the denial of their building permit application to the Butler Township UCC Board ("Board"). On June 30, 2010, the Board upheld the Code Enforcement Officer's denial of Appellants' application.

While still represented by Appellee, Appellants filed a timely appeal in the Butler County Court of Common Pleas. On October 28, 2015, the Honorable Michael Yeager presided over a bench trial, at which Appellants' vice president, Jeffrey Robinson, testified. During trial, an exchange between Judge Yeager and Mr. Robinson occurred, in relevant part, as follows:

> [THE COURT]: … This letter of December 15, 2009, was authored by Frank R. Zokaites. Is that correct?

[MR. ROBINSON]:     Yes, Your Honor.

                    *     *     *

[THE COURT]:        Who usually writes the design contract?

                    *     *     *

[THE COURT]:        Well, your testimony, sir, was the design contract is what, and I quote you, whatever the architect puts into it.

                    *     *     *

[MR. ROBINSON]:     Yes. That was my testimony. I believe the question was a general question of a design contract.

[THE COURT]:        I want to know what the design contract is, and your response was, whatever the architect—whatever the architect puts into it.

[MR. ROBINSON]:     Okay.

[THE COURT]:        So that would then—one would then have to conclude from that[,] that a design contract is customarily proffered by an architect.

[MR. ROBINSON]:     Yes, Your Honor.

[THE COURT]:        And why did Zokaites Properties—why was it that Zokaites Properties—Wyncrest Development, Inc. and Zokaites Properties, why was it that they were proffering this contract, to term this to be a design contract?

[MR. ROBINSON]:     In this particular case?

[THE COURT]:        Yes. If a design contract is typically and customarily proffered by an architect, why is it that this document that you're terming to be a design contract under date of December 15, 2009, was proffered by the builder, Zokaites Properties, Inc. and—Wyncrest Development, Inc. and Zokaites Properties?

- 3 -

* * *

[THE COURT]: Well, who drafted—well it's written on Wyncrest Development, Inc. letterhead.

[MR. ROBINSON]: Yes, you're right.

[THE COURT]: And it's signed…by a Mr. Zokaites.

[MR. ROBINSON]: Actually I think you're right, Your Honor. It looks like we did do it because I do see the initials—

[THE COURT]: ZR—FRZ?

[MR. ROBINSON]: Right, which stands for Frank R. Zokaites. So apparently Mr. Zokaites did. Why was it done, um—um, oh, probably because we were planning to take advantage of the grandfather provision.

[THE COURT]: And because of the time frame involved?

[MR. ROBINSON]: Probably.

(N.T. Trial, 10/28/15, at 39-42; R.R. at 226a-229a).

On November 3, 2015, Judge Yeager entered a verdict in favor of the Board and against Appellants, upholding the Board's decision. Judge Yeager determined the December 15th Letter did not constitute a design contract under the PUCC, but was merely a self-serving document representing Appellants' attempt to circumvent the intent of the PUCC to provide safety and welfare standards.

While still represented by Appellee, Appellants timely appealed. Judge Yeager ordered Appellants to file a concise statement of errors complained of

- 4 -

on appeal per Pa.R.A.P. 1925(b), but Appellants failed to comply. Subsequently, Judge Yeager entered two Rule 1925(a) opinions, noting Appellants had failed to file a court-ordered concise statement. On May 3, 2017, the Commonwealth Court determined all appellate issues had been waived for failure to file a court-ordered Rule 1925(b) statement and affirmed Judge Yeager's decision. **See Zokaites Properties, LP v. Butler Township UCC Board of Appeals**, 167 A.3d 306 (Pa.Cmwlth. 2017) (unpublished memorandum).

On August 14, 2017, Appellants initiated the current case when they filed in the Allegheny County Court of Common Pleas a complaint against Appellee for legal malpractice, based upon Appellee's failure to file a court-ordered Rule 1925(b) statement on Appellants' behalf in the Butler County action. Appellee filed a motion for summary judgment on June 26, 2019, and Appellants filed a response on August 23, 2019. On September 16, 2019, the trial court granted Appellee's motion for summary judgment. Appellants timely filed a notice of appeal on September 24, 2019. The trial court ordered Appellants on September 27, 2019, to file a Rule 1925(b) statement; Appellants timely complied on October 3, 2019.

Appellants raise the following issues for our review:

> WHETHER THE COURT COMMITTED ERRORS OF LAW AND FACT IN FAILING TO FIND THAT THERE WERE SUBSTANTIAL ISSUES OF MATERIAL FACT CONCERNING WHETHER THE DESIGN CONTRACT SATISFIED ALL THE ELEMENTS REQUIRED TO SUSTAIN A CONTRACT THEREBY PRECLUDING THE GRANT OF SUMMARY JUDGMENT[?]

WHETHER THE COURT COMMITTED ERRORS OF LAW AND FACT IN FAILING TO FIND THAT THERE WERE SUBSTANTIAL ISSUES OF MATERIAL FACT CONCERNING WHETHER THE DESIGN CONTRACT BETWEEN [APPELLANTS] AND SWEENY SHANK ARCHITECTS CONSTITUTED A DESIGN CONTRACT WITHIN THE MEANING OF PENNSYLVANIA'S UNIFORM CONSTRUCTION CODE, 35 P.S. § 7210.104, THEREBY PRECLUDING THE GRANT OF SUMMARY JUDGMENT[?]

WHETHER THE COURT COMMITTED ERRORS OF LAW AND FACT IN FINDING THAT APPELLANTS' TAKING ADVANTAGE OF THE GRANDFATHER PROVISION WAS AN IMPROPER ATTEMPT TO CIRCUMVENT THE INTENT TO PROVIDE STANDARDS FOR THE PROTECTION OF LIFE, HEALTH, PROPERTY, AND ENVIRONMENT AND FOR THE SAFETY AND WELFARE OF THE CONSUMER, GENERAL PUBLIC, AND THE OWNERS AND WELFARE OF BUILDINGS AND STRUCTURES[?]

(Appellants' Brief at 3).

Our standard of review of an order granting summary judgment requires us to determine whether the trial court abused its discretion or committed an error of law. *Mee v. Safeco Ins. Co. of America*, 908 A.2d 344, 347 (Pa.Super. 2006).

Judicial discretion requires action in conformity with law on facts and circumstances before the trial court after hearing and consideration. Consequently, the court abuses its discretion if, in resolving the issue for decision, it misapplies the law or exercises its discretion in a manner lacking reason. Similarly, the trial court abuses its discretion if it does not follow legal procedure.

*Miller v. Sacred Heart Hospital*, 753 A.2d 829, 832 (Pa.Super. 2000) (internal citations and quotation marks omitted). Our scope of review is plenary. *Pappas v. Asbel*, 564 Pa. 407, 418, 768 A.2d 1089, 1095 (2001),

- 6 -

*cert. denied*, 536 U.S. 938, 122 S.Ct. 2618, 153 L.Ed.2d 802 (2002). In reviewing a trial court's grant of summary judgment,

> [W]e apply the same standard as the trial court, reviewing all the evidence of record to determine whether there exists a genuine issue of material fact. We view the record in the light most favorable to the non-moving party, and all doubts as to the existence of a genuine issue of material fact must be resolved against the moving party. Only where there is no genuine issue as to any material fact and it is clear that the moving party is entitled to a judgment as a matter of law will summary judgment be entered. All doubts as to the existence of a genuine issue of a material fact must be resolved against the moving party.
>
> Motions for summary judgment necessarily and directly implicate the plaintiff's proof of the elements of [a] cause of action. Summary judgment is proper if, after the completion of discovery relevant to the motion, including the production of expert reports, an adverse party who will bear the burden of proof at trial has failed to produce evidence of facts essential to the cause of action or defense which in a jury trial would require the issues to be submitted to a jury. In other words, whenever there is no genuine issue of any material fact as to a necessary element of the cause of action or defense, which could be established by additional discovery or expert report and the moving party is entitled to judgment as a matter of law, summary judgment is appropriate. Thus, a record that supports summary judgment either (1) shows the material facts are undisputed or (2) contains insufficient evidence of facts to make out a *prima facie* cause of action or defense.
>
> Upon appellate review, we are not bound by the trial court's conclusions of law, but may reach our own conclusions.

***Chenot v. A.P. Green Services, Inc.***, 895 A.2d 55, 61 (Pa.Super. 2006) (internal citations and quotation marks omitted).

The PUCC includes a "grandfather provision," which provides in relevant part, as follows:

**§ 7210.104. Application**

**(a) General rule.**—This act shall apply to the construction, alteration, repair and occupancy of all buildings in this Commonwealth.

**(b) Exclusions.**—This act shall not apply to:

\* \* \*

(2) new buildings or renovations to existing buildings on which a contract for design or construction has been signed prior to the effective date of the regulations promulgated under this act on projects requiring department approval;

\* \* \*

35 P.S. § 7210.104(a), (b)(2) (effective July 17, 2007, to October 24, 2017).

After a thorough review of the record, the briefs of the parties, the applicable law, and the well-reasoned opinion of the Honorable Donald R. Walko, Jr., we conclude Appellants' issues merit no relief. The trial court opinion comprehensively discusses and properly disposes of the questions presented. (**See** Trial Court Opinion, filed November 5, 2019, at 3-6) (finding: to complete "case within case" analysis, trial court stands in shoes of Commonwealth Court as if it were reviewing appeal from Judge Yeager's decision in underlying action to uphold Board's denial of Appellants' application for building permit; at trial in underlying case, Jeffrey Robinson, Appellants' vice president, testified that architect typically writes design contract; Mr. Robinson explained, however, Appellants' president drafted December 15th Letter; Mr. Robinson admitted Appellants "probably" drafted letter for

purposes of taking advantage of grandfather provision of 2009 PUCC; Judge Yeager determined December 15th Letter was merely self-serving letter, which was not "design contract" within meaning of PUCC; whether December 15th Letter satisfied elements of contract, generally, is irrelevant, because even if December 15th Letter was enforceable contract, it was not design contract under PUCC; Judge Yeager's decision was sound; thus, there is no substantial issue of material fact regarding whether December 15th Letter constituted design contract under PUCC; additionally, Board found December 15th Letter was not design contract to be excluded or "grandfathered in" from 2009 PUCC requirements; additionally, no evidence demonstrated 2009 PUCC requirements would have required alteration of any of architect Sweeny Shank's design work; in upholding Board's denial, Judge Yeager noted regulatory purpose of PUCC grandfather provision was to "save building owners time and expense and not to require redesign or resubmission of plans for buildings in the construction process"; Judge Yeager determined Appellants' interpretation of grandfather provision would permit them to build homes without regard to changes in PUCC in virtual perpetuity; such expansive exception conflicts with PUCC's overall purpose to ensure safety and welfare of general public; record of underlying action supports Judge Yeager's conclusion; based upon foregoing, Appellants cannot prove they would have been successful on merits on appeal from Judge Yeager's decision, even if Appellee had filed court-ordered Rule 1925(b) statement on Appellants'

behalf in underlying action; thus, Appellants' legal malpractice claim fails).[1]

The record supports the trial court's rationale. *See Chenot, supra*.

Accordingly, we affirm on the basis of the trial court's opinion.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 5/29/2020

---

[1] We depart only from the trial court's reliance on *Scaramuzza v. Sciolla*, No. Civ.A.04-1270, 2006 WL 557716 (E.D.Pa. March 3, 2006), as that is a federal district court case, which is non-binding on our Court.

# Allegheny County - Department of Court Records
## Civil Division - Filings Information

**County caseID:GD-17-011433**
**Case Description:Zokaites Contracting Inc. etal vs Hulton**
**Official Docket Entry, Sort By Document Number Ascending**

| Document Number | Filed Date | Title/Entry | Entry Classification | Filed By |
|---|---|---|---|---|
| 1 | 11/05/2019 | Opinion | Official Docket Entry | Donald RWalko Jr. |

IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA
CIVIL DIVISION

ZOKAITES CONTRACTING, INC.,
GENERAL PARTNER AND TRADING AS
ZOKAITES PROPERTIES, LP, and
WYNCRESTY DEVELOPMENT, INC.

Plaintiffs,

v.

JEFFREY A. HULTON

Defendant.

No: GD-17-011433

Superior Court No: 1471 WDA 2019

**OPINION**

BY:

**Honorable Donald R. Walko, Jr.**
City-County Building
414 Grant Street, Room 706
Pittsburgh, PA 15219

COPIES TO:

<u>Counsel for Plaintiff</u>:
Jeffrey M. Robinson, Esq.
Robinson Law Group
155 Lake Drive, Suite 103
Wexford, PA 15090

<u>Counsel for Defendant</u>:
Robert J. Grimm, Esq.
Swartz Campbell LLC
Koppers Building
436 7th Avenue
Pittsburgh, PA 15219

FILED
19 NOV -5 PH 1: 19
DEPT. OF COURT RECORDS
CIVIL/FAMILY DIVISION
ALLEGHENY COUNTY PA

IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA
CIVIL DIVISION

ZOKAITES CONTRACTING, INC.,        No: GD-17-011433
GENERAL PARTNER AND TRADING AS
ZOKAITES PROPERTIES, LP, and        Superior Court No: 1471 WDA 2019
WYNCRESTY DEVELOPMENT, INC.

Plaintiffs,

v.

JEFFREY A. HULTON

Defendant.


**OPINION**

WALKO, J.                               November 5, 2019

This appeal concerns the Order dated September 13, 2019, in which the Court granted

Defendant's Motion for Summary Judgment and dismissed all claims with prejudice.

## I.   FACTUAL BACKGROUND

Zokaites Properties, LP ("Zokaites") and Wycrest Development, Inc.("Wycrest")

(collectively, the "Plaintiffs") drew up plans to construct 47 homes as part of a residential

development in Butler Township. Fourteen homes were constructed in compliance with the 2006

version of the Pennsylvania Uniform Construction Code ("UCC"). The UCC was amended in

2009, which added requirements that would increase Plaintiffs' building costs for the remaining

33 homes. The amendments were to take effect on December 31, 2009; however, there was a

"grandfather" provision for existing designs and constructions.

1

Plaintiffs claim that they entered into a construction contract on December 15, 2009, which led them to believe that their construction plans would fall under the 2006 UCC as these plans existed prior to the enactment of the new UCC. Plaintiffs applied for a building permit under the less onerous requirements of the 2006 UCC, but the Butler Township Code Enforcement Officer denied their application, claiming the building contract did not fall under the "grandfather" provisions of the 2009 UCC. Plaintiffs retained Attorney Jeffrey A. Hulton, Esquire ("Defendant" or "Attorney Hulton") to represent them in their appeal to Butler Township's Uniform Commercial Code Board of Appeals ("Board"). The Board upheld the Code Enforcement Officers denial of the application. Plaintiffs then appealed to the Butler County Court of Common Pleas.

On November 3, 2015, the Honorable Judge Yeager of the Butler County Court of Common Pleas entered a verdict in favor of the Board, upholding its denial of the building permit. Plaintiffs filed a Notice of Appeal and the trial court issued a Rule 1925(b) Order directing Plaintiffs to file a statement of matters complained of on appeal. Defendant failed to timely file a statement of matters on behalf of Plaintiffs. As a result, Judge Yeager issued an Opinion indicating that the failure to file the statement waived all issues on appeal. On May 3, 2017, Commonwealth Court dismissed the appeal, agreeing with the trial court that all issues had been waived on appeal.

## II. PROCEDURAL HISTORY

On August 14, 2017, Plaintiffs Zokaites and Wycrest launched this complaint against Defendant Attorney Hulton raising one count of professional negligence for his failure to timely file the Rule 1925(b) statement. Defendant responded with preliminary objections on several issues including failure to serve original process, improper venue, lack of standing, and failure to

2

state a claim. The Allegheny County Court of Common Pleas Judge Ignelzi overruled Defendant's preliminary objections and allowed the complaint to be served. Defendant then filed an Answer and New Matter, raising a statute of limitations defense, failure to state a claim, laches, accord, satisfaction, consent, discharge, illegality, impossibility, and the doctrines of collateral estoppel and/or res judicata. Following Plaintiff's Response to New Matter, Defendant moved for summary judgment only after a prolonged delay in the case because of a Suggestion of Bankruptcy, which was ultimately dismissed against Defendant.

In an Order dated September 13, 2019, this Court granted Defendant's Motion for Summary Judgment. For the reasons outlined below, the Court's Order should be affirmed.

### III. DISCUSSION

A plaintiff in an attorney malpractice case must establish three elements: 1) employment of the attorney or other basis for a duty; 2) the failure of the attorney to exercise ordinary skill and knowledge; and 3) that such negligence was the proximate cause of damage to the plaintiff. *Kituskie v. Corbman*, 714 A.2d 1027, 1029 (Pa. 1998). The Pennsylvania Supreme Court has explicitly stated that "[a] legal malpractice action is different because... a plaintiff must prove a *case within a case* since he must initially establish by a preponderance of the evidence that he would have recovered a judgment in the underlying action . . . [i]t is only after the plaintiff proves he would have recovered a judgment in the underlying action that the plaintiff can then proceed with proof that the attorney he engaged...was negligent." *Id.* at 1030 (emphasis added). The case within a case analysis requires the Court to replicate the underlying litigation "via a careful review of the record of the underlying trial" *Scaramuza v. Sciolla*, No. Civ.A.04-1270, 2006 WL 557716 (E.D.P.A. March 3, 2006). Accordingly, the factual findings made in the

3

underlying case will be used to determine whether Plaintiffs would have recovered a judgment in the previous action based on the merits.

After careful consideration of the record, the Court finds that Plaintiffs would not have been successful on the merits of its appeal and that the Commonwealth Court would have affirmed the trial court's decision to uphold the Board's denial of Plaintiffs' appeal. Pursuant to the Local Agency Law, the appropriate standard of review before both the trial court and Commonwealth Court is whether the Board's decision to uphold an appeal of the denial of a building permit was supported by substantial evidence. 2 Pa.C.S.A. § 754(b). Under the Pennsylvania Rules of Civil Procedure, "any party may move for summary judgment in whole or in part as a matter of law whenever there is no genuine issue of any material fact as to a necessary element of the cause of action or defense which could be established by additional discovery or expert report . . ." Pa.R.C.P. No. 1035.2. In the case at hand, the first element Plaintiffs are required to establish is that they would have recovered a judgment in the underlying action.

As the Court now stands in the shoes of the Commonwealth Court, it is tasked with reviewing the Court of Common Pleas Judge Yeager's decision to uphold the Board's denial of Plaintiffs appeal of the Code Enforcement Officer's permit denial. The record before the Court shows that a non-jury trial was held before Judge Yeager and was transcribed, creating a full record of the trial. Jeffrey Robinson, the then-Vice President of both Plaintiff companies, testified that a design contract is typically written by an architect but that the letter at issue was drafted by the builder, Frank Zokaites. When asked why this was the case, Robinson simply answered, "probably because we were planning to take advantage of the grandfather provision."

4

Following the trial, Judge Yeager concluded that the proffered contract was nothing more than a self-serving letter that failed to meet the definition of a "design contract" within the meaning of the UCC. It is irrelevant whether the design contract satisfied all the elements required to sustain a contract because even it if was an enforceable contract, it was not a design contract within the meaning of the UCC. The Commonwealth Court would not have disturbed Judge Yeager's sound decision and, therefore, there is no substantial issue of material fact concerning whether the design contract in question constituted a design contract within the meaning of the UCC. Accordingly, summary judgment on this issue was appropriate.

Last, there is substantial evidence to support Judge Yeager's finding that the Board was correct in concluding that Plaintiffs use of the grandfather provision was an improper attempt to circumvent the intent to provide standards for the protection of the health, safety, and welfare of the general public. In its decision, the Board found that the contract was not the type of design contract that is excluded or "grandfathered in" from the 2009 UCC requirements. There was no testimony or documentary evidence of record that Sweeney Shank performed any design work that would need to be altered because of the 2009 requirements. The Board concluded that Plaintiffs were required to show either detrimental reliance or inequity in accordance with the intent of the UCC's exclusionary provision.

In upholding the Board's decision Judge Yeager cited the Department of Labor and Industry's interpretation of the exclusionary provision in concluding that the letter was not the type of design contract excluded from the 2009 UCC. According to the Department of Labor and Industry "[t]he purpose is to save building owners time and expense and not to require redesign or resubmission of plans for buildings in the construction process." Pa Regulation Text, 2006. Pa Regulation Text 45260 (NS). Judge Yeager emphasized that Plaintiffs' interpretation would

5

enable them to perpetually build homes without regard to the changes in the UCC. He also concluded that such a result would conflict with the purpose of the UCC, which is to provide standards that ensure the safety and welfare of the general public. Accordingly, Judge Yeager upheld the decision of the Board.

## IV.  CONCLUSION

There are no genuine issues of material fact that demonstrate Plaintiffs would have been successful in their underlying appeal. If it had ruled on the merits, the Commonwealth Court would have affirmed Judge Yeager's decision because his determination that the letter was not a "contract for design or construction" within the meaning of the UCC exclusion was supported by substantial evidence. First, the letter was drafted by the builder, President Frank Zokaites, rather than an architect, as would be expected.  After reviewing the UCC exclusionary provision, Judge Yeager determined that the letter did not comport with its purpose or intent and, therefore, affirmed the Board's decision. Defendant's failure to file the 1925(b) statement was not the proximate cause of Plaintiffs loss on appeal and, therefore, Plaintiffs cannot prove that they would have recovered in the underlying action.

Since Plaintiffs cannot show by a preponderance of the evidence that they would have recovered in the underlying case, the Court is not required to analyze whether Attorney Hulton was negligent in his representation. For the foregoing reasons, the Court's Order dated September 13, 2019 should be affirmed.

BY THE COURT:

_____, J.
Donald R. Walko, Jr., Judge

6